Randall S. Cavanaugh
KALAMARIDES & LAMBERT
750 West 2nd Avenue, Suite 200
Anchorage, AK 99501
P: (907) 276-2135
F: (907) 278-8514
E: randall@kalamarides.com
Attorney for Defendant Blodgett

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. 3:17-cr-00052-SLG-DMS |
| Plaintiff, | ) | |
| | ) | MOTION AND |
| v. | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION TO SUPPRESS |
| RICKY ALLEN BLODGETT, | ) | EVIDENCE |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the defendant, Ricky Blodgett, by and through his attorney, Randall S. Cavanaugh, and hereby moves this court for an order suppressing the evidence in this case and the fruits of the illegal search. Law enforcement illegally used Federal Express to search for and obtain a package that was sent to Mr. Blodgett. The evidence must be suppressed. Further, Mr. Blodgett's statement must be suppressed as a fruit of the illegal search and seizure.

## I. FACTS[1]

The facts are a tad complicated as this case went to trial and there was two evidentiary hearings: March 10, 2016 and December 30, 2016. Trial was on March 22, 2017. There was also investigative interviews.

To set the stage as to what occurred, the following is what happened. Troopers were investigating Mr. Blodgett for drug distribution. There was a tip that a package was being sent from the lower 48 to Mr. Blodgett. Trooper Calt contacted Federal Express to intercept the package. Federal Express intercepted package. Federal Express x-rayed package. Federal Express sent a picture of the contents to Trooper Calt. Trooper Calt received the picture. Neither Federal Express or Trooper Calt retained a copy of the picture of the x-ray.

Federal Express kept the package. The package was seized by law enforcement. **Attachment #1**. A search warrant was obtained by Trooper Calt to open the package. **Attachment #2**. Law enforcement removed a portion of the contents and set the package out for Mr. Blodgett to pick up. On March 2, 2015, Mr. Blodgett picked up the package. Law enforcement pulled over Mr. Blodgett via a ruse traffic stop. Mr. Blodgett had the package in his vehicle. Law enforcement arrested him for drug distribution. Trooper Calt Mirandized Mr. Blodgett after he was arrested. The law enforcement then confronted Mr.

---

[1] This motion is based on my review of police report, audio recordings and transcripts.

USA v. Ricky Allen Blodgett
Case No. 3:17-cr-00052-RRB-JDR
Page 2
F:\Cases\Blodgett-Ricky\Pleadings\Suppress Evidence mtn &memo.wpd

Case 3:17-cr-00052-SLG   Document 42   Filed 01/22/18   Page 2 of 14

Blodgett with the illegally obtained evidence of the package seizure and x-ray. He then gave a statement inculpating himself. *A Cd copy of the statement will be filed conventionally*.

### A. PRE-EVIDENTIARY HEARING INVESTIGATION

There was an Interview of Chris Turic by Investigator Anne Waisanen of the Public defender office on November 16, 2016. **Attachment #3**. Fed Ex is contacted by outside agency. Fed Ex takes custody of the package; immediately contact the requesting agency. (Page 3) Turn the package over to them. (Page 4) There is a chain of custody form. They sign for it and we're done with it. (Page 4) They can watch for a package for a particular address (P. 5) Fed Ex does not ask questions regarding a request for a package.

### B. THE EVIDENTIARY HEARING

An evidentiary hearing was held on the motion to suppress evidence. **Attachment #4.** The burden was on the State to show the search and seizure was valid. The prosecution called their first witness, Brian Mustacci, an employee of Federal Express. (Page 8-9) He works at Federal Express for 15 years as international security manager. He works in legal department under corporate security. He discuss terms and conditions of Fed Ex; can open package up. Inspect it. (Page 10) They are checking for prohibited items, weapons controlled substances; (page 12). He enforces the terms when it is brought to his attention. (Page 12). He is to build relationship with law enforcement.

USA v. Ricky Allen Blodgett
Case No. 3:17-cr-00052-RRB-JDR
Page 3
F:\Cases\Blodgett-Ricky\Pleadings\Suppress Evidence mtn &memo.wpd

As to the package in question, he was called by Trooper Calt regarding a package being mailed to Mr. Blodgett (page 13). It was regarding package from Juan Perez. (Page 12) Mr. Mustacci told Trooper Calt that he would assist in intercepting the package. Which was done. He called Trooper Calt to tell him that the package was retrieved. (Page 14) Mr. Mustacci x-rayed it on his own (page 15) Trooper Calt was going to pick it up. (Page 15). Mr. Mustacci stated he x-rayed to make sure nothing dangerous (page 15 and 16). He stated that the materials looked organic. He also testified that if package brought to their attention, typically x-rayed. (Page 17)

Sometimes Federal Express cannot assist law enforcement, timing and availability (page 17).

Mr. Mustacci was cross examination by Windy Hannaman, counsel for Mr. Blodgett. He confirmed that the troopers contacted him first. (Page 18) He confirmed that Trooper Calt wanted a watch on the package. (Page 20) Mr. Mustacci called the Wasilla manager (page 20). The manager in Wasilla was Barry Lovelace. (Page 21). The package was stopped in Anchorage. He does not always x-ray packages (page 22) He confirmed not routinely x-rayed (page 22). There was nothing suspicious regarding the outside of the package. He was holding the package because the Trooper asked him to do so. (Page 31) There was no photos or copy of the x-ray (page 32)

USA v. Ricky Allen Blodgett
Case No. 3:17-cr-00052-RRB-JDR
Page 4
F:\Cases\Blodgett-Ricky\Pleadings\Suppress Evidence mtn &memo.wpd

Case 3:17-cr-00052-SLG   Document 42   Filed 01/22/18   Page 4 of 14

The second witness was Trooper Calt (Page 38). There was discussion of the search warrant application. He received the tip re: package on the 24th. (Page 40). He thought the x-ray was black and white. (Page 42) When he called Federal Express, he did not give Mustacci details. (Page 42)

Trooper Calt was cross-examined. (Page 43). He confirmed that a vast majority of drugs came through UPS, Fed Ex or body carry. He never asked for x-ray of a package before. He did not know capability (Page 44) From the picture, the Trooper thought it appeared to be heroin in the package. (Page. 48)

Federal Express worker Chris Turic was called as a witness (page 50). He worked for Fed Ex as security specialist. If there is an issue regarding a package, they generate a "security case". (page 51) This is for statistics purposes.(page 52) If there is a request regarding a package, they ask for the request to be sent in an email. (Page 52). They do not ask the reason for stop/watch from law enforcement-assume it is official business. (Page 54). They pull package, hold and turn it over. They do not inspect them. They tell them package is ready for pick up. (Page 54-55). The witness was cross examined (page 55). Law enforcement signs a chain of custody form. So they (Federal Express) can account for the package. If public called in and said kilo of cocaine being shipped; no seizure, would call law enforcement with information. (Page 57). He testified that

USA v. Ricky Allen Blodgett
Case No. 3:17-cr-00052-RRB-JDR
Page 5
F:\Cases\Blodgett-Ricky\Pleadings\Suppress Evidence mtn &memo.wpd

packages frequently x-rayed when there was a request for a package watched. There was re-direct examination. (Page 58). They do not randomly search package (page 59)

It should be noted that the Superior Court denied the motion to suppress at this point. The matter proceeded to trial.

### C. Trial Testimony Re: Seizure & Search of the Package

The trial commenced on March 22, 2017. **Attachment #5**. Trooper Calt was called as a witness. He had received tips regarding the defendant. (Page 67) Specifically, that defendant had gone to Tijuana to get drugs (page 68) Trooper Calt checked with Homeland Security to verify he had gone (page 68) Mr. Blodgett had crossed the border 8 times. So that was four trips (page 69) Mr. Blodgett was checked at the border and nothing found. (Page 70). Trooper Calt said that it was exceptionally rare; this kind of actions. (Page 72). He waited for more information. (Page 72)

Trooper Calt received a tip that he received a package the prior day. (Page 73) He asked for Fed Ex to keep watch on future packages. (page 73) This was after border crossing information. (Page 73) He was told that Blodgett received a package on February 23, 2015; sent by Juan Perez. (Page 73-4)

Trooper Calt testified that he cannot tell Fed Ex to put a hold on the package, has to ask nicely. (Page 74) Sometimes they put hold on package, sometimes not. (page 74) This time they (Federal Express) said they had a package (page 75). It was from same

USA v. Ricky Allen Blodgett
Case No. 3:17-cr-00052-RRB-JDR
Page 6
F:\Cases\Blodgett-Ricky\Pleadings\Suppress Evidence mtn &memo.wpd

place and shipper. (page 75) He received copy of the x-ray and it appeared to be a large amount of heroin. (Page 75) He did not save picture. (Page 75). He did think of it. Saving the picture. (Page76) He worked on search warrant, it was granted.(Page 76) He explained process of getting search warrant, picking up package from Fed Ex, then do a controlled delivery. (page 77-78) There no controlled delivery, he knew Blodgett was picking it up. (Page 78). Blodgett's name was on it. (page 80). [Counsel is only focusing on the testimony as it related to the box]

      Also at trial, Federal Express employee, Brian Mustacci, testifies (page 22). Attachment #6. He has been a Fed Ex security officer for 15 years. He was a prior police officer in Washington and Miami. He is to prevent the company from being used re: contraband. (P. 23) He was contacted by Officer Calt Feb 2015. He was asked to intercept a package coming through. Hold it for him. He always tries to comply. (Page 24) He was told to get package addressed to Ricky Blodgett. Grab it; hold it, seize it. (Page 25) Mustacci called other managers to keep look out. The other manager got the package, Mustacci went in and x-rayed it. Put it (the package) in his office. He then notified Trooper Calt (page 25) Trooper Calt did not tell him what was in the package. Mustacci took x-ray picture with his phone, looked like solid-organic material. Forwarded it to Investigator Calt. (P. 26) He did not know who the package was addressed from. Could

USA v. Ricky Allen Blodgett
Case No. 3:17-cr-00052-RRB-JDR
Page 7
F:\Cases\Blodgett-Ricky\Pleadings\Suppress Evidence mtn &memo.wpd

Case 3:17-cr-00052-SLG   Document 42   Filed 01/22/18   Page 7 of 14

not determine the contents of the package. Possibly narcotics. (Page 27) He then placed package in his office.

Mustacci was cross-examined. (Page-28). The package was from out of state, does not remember from where. (Page. 28) He did not bring air-bill with him. They pull up the airbill in the system to see about the package. Fed Ex is to build relationship with law enforcement and help out law enforcement. (Page 30) They will hold packages for law enforcement. (page 33) Mustacci testified that this holding the package was unique. (Page 34) He had not been asked to do it before. (Page 35). Mustacci testified that he would not do it for ordinary citizen (page 35, 36)

There was nothing unusual about package, before x-raying it. (page 37) There was no indication it was a bomb. Or anthrax. From the x-ray he thought it was drugs. (Page 40) Based on this testimony, the defense re-newed the motion to suppress evidence. (Page 46) There was re-direct testimony (page 50). The Federal Express security officer testified that he held package until he could give it to Trooper Calt. (Page 50). The company does not want to party to criminal act. (page51) Federal Express receives a hold request on the average of one a week, one every two weeks.(page 51). They intercept 90% of them. (Page51)

The trial court took the matter under advisement. The jury was unable to reach a verdict. The jury was declared "hung". The court did not rule on the re-newed motion to

USA v. Ricky Allen Blodgett
Case No. 3:17-cr-00052-RRB-JDR
Page 8
F:\Cases\Blodgett-Ricky\Pleadings\Suppress Evidence mtn &memo.wpd

Case 3:17-cr-00052-SLG   Document 42   Filed 01/22/18   Page 8 of 14

suppress. Matter was set for re-trial. The State of Alaska sent an offer over that if a 6 year flat deal was taken, the United States government would not pick up the case. The charges by the State of Alaska were dismissed when federal prosecutors filed charges against him.

## II. LAW AND ARGUMENT

### A. Mr. Blodgett's Rights under the Fourth Amendment Were Violated When Alaska State Trooper had Federal Express seize the package.

It is conceded that the superior court for the State of Alaska has heard this motion. The motion was denied[2]. However, in determining whether there has been an unreasonable search and seizure by state officers, a federal court must make independent inquiry, whether there has been such an inquiry by a state court, and irrespective of how any such inquiry may have turned out. The test is federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed. <u>Elkins v. U.S.</u>, 364 U.S 206, 223-24 (1960)

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." A

---

[2] The court was considering a renewed motion for suppression based on the trial testimony. The motion was "withdrawn" over defendant objection by the trial attorney when there an offer made to the defendant. The deal was for 6 years flat with no federal prosecution. The state case was dismissed when the federal government indicted the defendant.

USA v. Ricky Allen Blodgett
Case No. 3:17-cr-00052-RRB-JDR
Page 9
F:\Cases\Blodgett-Ricky\Pleadings\Suppress Evidence mtn &memo.wpd

warrantless search is "per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967). The government bears the heavy burden of showing that a warrantless search was valid because it fell within one of the exceptions to the warrant requirement. Schneckloth v. Bustmanate, 412 U.S. 218, 222 (1973). The government must prove the existence of an exception to the Fourth Amendment warrant requirement by a preponderance of the evidence. United States v. Vasey, 834 F.2d 782, 785 (9th Cir. 1987). Evidence obtained in violation of the Fourth Amendment cannot be introduced at trial in federal court. Weeks v. United States, 232 U.S. 383 (1914). If an initial search or seizure was illegal, not only is any evidence obtained thereby inadmissible, but any evidence discovered as the result or exploitation of that primary illegality is inadmissible as well, as a "fruit of the poisonous tree." Wong Sun v. United States, 371 U.S. 471 (1963).

As noted in United States v. Cleaveland, 38 F.3d 1092, 1093 (9th Cir. 1994), as amended (Jan. 12, 1995) "Where a private party acts as an 'instrument or agent' of the state in effecting a search or seizure, Fourth Amendment interests are implicated." *Coolidge v. New Hampshire,* 403 U.S. 443, 487 (1971). However, a search conducted by a private party not acting as an agent for law enforcement officials does not implicate the Fourth Amendment. *See United States v. Jacobsen,* 466 U.S. 109, 115 (1984); *United*

USA v. Ricky Allen Blodgett
Case No. 3:17-cr-00052-RRB-JDR
Page 10
F:\Cases\Blodgett-Ricky\Pleadings\Suppress Evidence mtn &memo.wpd

Case 3:17-cr-00052-SLG   Document 42   Filed 01/22/18   Page 10 of 14

*States v. Black,* 767 F.2d 1334, 1339 (9th Cir.), *cert. denied,* 474 U.S. 1022 (1985). In determining whether a private party's search implicates the Fourth Amendment, the relevant inquiry is: "(1) whether the government knew of and acquiesced in the intrusive conduct; and (2) whether the party performing the search intended to assist law enforcement efforts or further his own ends." *United States v. Reed,* 15 F.3d 928, 931 (9th Cir.1994) (quoting *United States v. Miller,* 688 F.2d 652, 656 (9th Cir.1982)); *see also United States v. Walther,* 652 F.2d 788, 791–92 (9th Cir.1981). The defendant has the burden of establishing government involvement in a private search. *See United States v. Snowadzki,* 723 F.2d 1427, 1429 (9th Cir.), *cert. denied,* 469 U.S. 839(1984).

Federal Express, when it x-rayed the package, was an instrument or agent of law enforcement. The x-raying of the package constituted a search. United States v. Henry, 615 F.2d 1223, 1227-28 (9th Cir. 1980); also deemed a search in United States v. Haynie, 637 F.2d 227, 230 (4th Cir. 1980), cert. Denied 451 U.S. 972 (1981)

The evidence seized cannot be used by prosecutors federal court when it was illegally seized by state agents. It would violate the so-called "silver platter doctrine[3]".

---

3

There is argument that "silver platter doctrine" is gone, but it still appears in the case law. The United States Supreme Court in Mapp v. Ohio, 367 U.S. 643 (1961) which established the exclusionary rule as a constitutionally required remedy for unlawful searches both the state and federal level. Thus under Mapp, the identity of the sovereign (state of federal) conducting the search is irrelevant to the application of the exclusionary rule. See U.S. v. Medina, 181 F.3d 1078 (9th Cir. 1999) Mr. Blodgett has insisted that "silver platter" be referenced from his research.

USA v. Ricky Allen Blodgett
Case No. 3:17-cr-00052-RRB-JDR
Page 11
F:\Cases\Blodgett-Ricky\Pleadings\Suppress Evidence mtn &memo.wpd

Elkins v. United States, 364 U.S. 206, 216, 223-4 (1960); Also see United States v. Medina, 181 F.3d 1078, 1081 (9th Cir. 1999). In *Elkins,* the Supreme Court invoked its "supervisory power over the administration of criminal justice in the federal courts" to exclude evidence obtained in an unlawful state search. Elkins at 216. The "silver platter" doctrine continues to be viable. See United States v. Koenig, 856 F.2d 843, footnote 8 (9th Cir. 1981)

The defendant's statement must be suppressed as a fruit of the illegal search and seizure. When police use fruit of the poisonous to secure a confession, that confession may be suppressed even when the technical requirements of Miranda imposed are met. U.S. v. Timmann, 741 F.3d 1170, 1182 (11th Cir. 2013)

### B. ARGUMENT

The testimony from the requested evidentiary hearing will show that law enforcement had Federal Express seize the package on their behalf. Federal Express was acting as law enforcement's agent or instrumentality. There was no warrant. The package was seized by Federal Express due to the action of law enforcement-in order to aid law. Law enforcement had Federal Express search for the package-"Keeping an eye out for it". Federal Express executed a warrantless search by entering the data into their system to locate it. Finally, federal Express then x-rayed the package without a warrant. Both Federal Express and Alaska State Trooper Calt destroyed the evidence (to wit: the x-ray)

USA v. Ricky Allen Blodgett
Case No. 3:17-cr-00052-RRB-JDR
Page 12
F:\Cases\Blodgett-Ricky\Pleadings\Suppress Evidence mtn &memo.wpd

Case 3:17-cr-00052-SLG   Document 42   Filed 01/22/18   Page 12 of 14

in order to keep the validity of the search at the Federal Express compound from being contested. Further, the magistrate was not advised that the box was illegally seized when the search warrant was issued.

III. **CONCLUSION**

Based on the above arguments and authorities, all evidence in Mr. Blodgett's case must be suppressed after the conclusion of the evidentiary hearing. Specifically, the box that was seized by Federal Express and x-rayed at the Federal Express company. Further, the statement of Mr. Blodgett as he gave an inculpatory statement after being confronted with illegally seized evidence-the box and the x-ray of the box.

DATED this 22nd day of January, 2018, at Anchorage, Alaska.

KALAMARIDES & LAMBERT
Attorneys for Defendant Blodgett

By:   /s/ Randall S. Cavanaugh
Randall S. Cavanaugh, ABA #8812215
KALAMARIDES & LAMBERT
750 West 2nd Avenue, Suite 200
Anchorage, AK 99501
P: (907) 276-2135
F: (907) 278-8514
E: randall@kalamarides.com

USA v. Ricky Allen Blodgett
Case No. 3:17-cr-00052-RRB-JDR
Page 13
F:\Cases\Blodgett-Ricky\Pleadings\Suppress Evidence mtn &memo.wpd

Case 3:17-cr-00052-SLG   Document 42   Filed 01/22/18   Page 13 of 14

CERTIFICATE OF SERVICE

The undersigned hereby certifies, that the aforementioned brief / motion is over 25 pages in length. Pursuant to D.Ak.LR 10.1(b) and the Administrative Policies and Procedures, a courtesy paper copy of the filing of the brief / motion is being hand delivered via messenger / courier service to the clerk of court along with a copy of the notice of electronic filing and pursuant to App. R. 513.5, that the font used in the aforementioned documents was Times New Roman 13 point. I further certify that a true and correct copy of the foregoing was served via **electronic mail** this 22nd day of January, 2018, on:

Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513

U.S. Federal Public Defender's Office
601 W. 5th Ave., Ste 800
Anchorage, AK 99501


   /s/ Randall S. Cavanaugh
    Kalamarides & Lambert

USA v. Ricky Allen Blodgett
Case No. 3:17-cr-00052-RRB-JDR
Page 14