BRYAN SCHRODER
United States Attorney

WILLIAM A. TAYLOR
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-2305
Fax: (907) 271-1500
Email: William.taylor@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:17-cr-00052-SLG-DMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPPOSITION TO MOTION TO |
| vs. | ) | SUPPRESS |
| | ) | |
| RICKY ALAN BLODGETT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America, through Assistant United States Attorney William A. Taylor, hereby files this opposition to the defendant's Motion to Suppress filed at Dkt. 42.

The defendant's motion challenges the seizure of a package that was in route to him via FedEx. Dkt. 42, pg. 9.[1]

---

[1] "Mr. Blodgett's rights under the fourth amendment were violated when Alaska State Trooper had Federal Express seize the package." Dkt. 42, pg. 9 (emphasis added).

## I. Background

In July of 2014, Alaska State Troopers began receiving tips that Ricky Blodgett's residence was involved in trafficking narcotics. On February 24, 2015, a specific tip came in that Blodgett had received a package of heroin the previous day via FedEx. FedEx verified that a package was shipped by "Juan Perez" from San Diego, California to Blodgett in Alaska. Blodgett picked up the package on February 23, 2015.

Investigator Shayne Calt with the Alaska State Troopers called FedEx and requested a watch on packages being sent to Blodgett. FedEx would notify Trooper Calt if another package was sent to Blodgett. On February 28, 2015, FedEx contacted Trooper Shane Calt and informed him that another package was sent from "Juan Perez" in San Diego to Blodgett in Alaska. It was due to be delivered on March 3. FedEx personal had taken an x-ray of the package and sent a photo of the x-ray image to Trooper Calt. FedEx was not directed by Trooper Calt to take the x-ray. Based on Calt's experience, the x-ray image was consistent with packaged heroin.

Trooper Calt applied for and was granted a search warrant to search the package. Warrant 3PA-15-76SW was issued by the district court for the State of Alaska on March 2, 2015. Inside the package was approximately 167 grams of heroin, and 52.48 grams of methamphetamine. The narcotics were removed except for approximately .5 grams of both heroin and methamphetamine. The package was then made available for pickup. On March 2, Blodgett arrived at the FedEx facility and retrieved the package.

Blodgett was pulled over and the package was found inside of his vehicle. He was later interviewed by Trooper Calt where he admitted to trafficking narcotics.

U.S. v. Blodgett
3:17-cr-00052-SLG  Page **2** of **6**
Case 3:17-cr-00052-SLG   Document 48   Filed 02/05/18   Page 2 of 6

## II. Discussion

   *a. The seizure of the package did not interfere with Blodgett's possessory interest.*

The package was held by FedEx for a short period due to the significant information which lead law enforcement to believe it may contain illegal controlled substances. The seizure was very brief and did not delay the delivery of the package. The package was due to be delivered on March 3, 2015. The package was made available for delivery on March 2, 2015. Thus, the seizure did not interfere with Blodgett's possessory interest.

A seizure of property occurs when "there is some meaningful interference with an individual's possessory interest in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Without such interference, there is no seizure. *Id.* For Fourth Amendment purposes it is "not the physical movement of the property" that indicates whether a seizure has occurred, but rather the "extent of the interference with the [owner's] possessory interest in his property." *Id.* The defendant had no intrusion upon his possessory interest in the package because it was still delivered on time.

This situation is similar to *United States v. England,* 971 F.2d 419 (9th Cir.1992) where the Ninth Circuit held that if no intrusion takes place then no seizure occurs, in which case no requirement of reasonable articulable suspicion to detain a package ever arises. In *England*, a package was set aside for a sniff by a drug sniffing dog. The dog alerted and the package was sent on its regularly scheduled flight for delivery. The package was later opened before delivery pursuant to a warrant. The Ninth Circuit rejected the argument that any detention of mail is a seizure. The court held it, "need not consider whether the postal inspectors had reasonable and articulable suspicion to seize the packages before they obtained the search warrants, because until the packages were searched pursuant to those

U.S. v. Blodgett
3:17-cr-00052-SLG          Page **3** of **6**
Case 3:17-cr-00052-SLG   Document 48   Filed 02/05/18   Page 3 of 6

warrants, no seizure occurred." *Id.* at 421. Thus, like *England*, there was no seizure here prior to the warrant being issued.

Even if there was a legal seizure it was based upon reasonable suspicion. In *United States v. Place,* 462 U.S. 696 (1983), the Supreme Court extended the principles of *Terry v. Ohio* to the warrantless seizure of personal effects on the basis of less than probable cause. An exception to the probable cause requirement for the seizure of persons or effects involves balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion. When the nature and extent of the detention are minimally intrusive of the individual's Fourth Amendment interests, the opposing law enforcement interests [in interdicting drugs] can support a seizure based on less than probable cause." *Place,* 462 U.S. at 703. Such a seizure is only justified "where the authorities possess specific and articulable facts warranting a reasonable belief" that contraband is present. *Id.*

Here there was a reasonable belief that the package contained illegal narcotics. Law enforcement had received several tips which contained extensive corroboration. This included reports of trips to Mexico, information regarding receiving packages, prior history of drug trafficking, and prior law enforcement contact where the defendant was found with narcotics and paraphernalia. The x-ray of the package was also consistent with packaged narcotics. Given the totality of the circumstances there was a reasonable basis to believe the package may contain evidence of narcotics trafficking. It is notable that the same information known to law enforcement was known to the magistrate, and the magistrate found there was probable cause to believe the package may contain narcotics.

U.S. v. Blodgett
3:17-cr-00052-SLG      Page **4** of **6**
Case 3:17-cr-00052-SLG   Document 48   Filed 02/05/18   Page 4 of 6

> b. *There was no government action in the x-ray of the package by FedEx employees.*

While the motion challenges the seizure of the package, it extensively cites to case law regarding *searches*. To be clear, the only government search that occurred was pursuant to a search warrant. The x-ray of the package was done by FedEx employees and was not requested by law enforcement. The Fourth Amendment applies only to searches and seizures that are the product of government action. "This Court has also consistently construed [the Fourth Amendment] as proscribing only governmental action; it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (internal citation and quotation omitted).

In the present case both the FedEx employee and Trooper Calt have previously testified that the x-ray was not requested by law enforcement. Dkt. 42-4, pg. 6; 42-5, pg. 10, 19-20. Any argument that there was a premature search is therefore unpersuasive since there was no government conduct.

> c. *There is no basis to suppress the defendant's statements.*

The defendant argues that the defendant's statements must be suppressed because he was confronted with evidence from the illegal search. Dkt. 42. The defendant's motion does not provide legal or factual support for this argument. However, as noted above the package was lawfully seized, and was search pursuant to a valid search warrant. Therefore, there is no basis to suppress the statement.

//

//

U.S. v. Blodgett
3:17-cr-00052-SLG                    Page **5** of **6**
Case 3:17-cr-00052-SLG   Document 48   Filed 02/05/18   Page 5 of 6

### III. Conclusion

For the reasons stated above the Court should deny the defendant's motion to suppress.

RESPECTFULLY SUBMITTED this 5th day of February, 2018 in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ William A. Taylor
WILLIAM A. TAYLOR
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2018,
a copy of the foregoing was served
electronically on:

Randall Cavanaugh

s/William A. Taylor
Office of the U.S. Attorney

U.S. v. Blodgett
3:17-cr-00052-SLG    Page **6** of **6**
Case 3:17-cr-00052-SLG   Document 48   Filed 02/05/18   Page 6 of 6