# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RICKY ALLEN BLODGETT,<br><br>    Defendant. | <br><br><br><br><br><br><br><br>Case No. 3:17-cr-00052-SLG |

## ORDER RE *FRANKS* HEARING MOTION

Before the Court at Docket 41 is Defendant Ricky Allen Blodgett's Motion for *Franks* Hearing Motion to Suppress Evidence. The Government responded at Docket 49.

In *Franks v. Delaware,* 438 U.S. 154 (1978), the Supreme Court established a two-prong test for challenging the sufficiency of a warrant affidavit. "A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if the defendant can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information."[1] In *United States v. Perdomo*, the Ninth Circuit outlined five requirements:

> (1) the defendant must allege specifically which portions of the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; (5) the challenged

---
[1] *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000).

statements must be necessary to find probable cause.[2]

Here, Mr. Blodgett alleges that two portions of the affidavit are false or not properly stated: (1) "The Trooper did not inform the magistrate that no picture or copy of the xray was retained;" and (2) "The Trooper knew the source of the May 14, 2014, 'tip' and that it was not accurate as to the issue of firearms." Mr. Blodgett asserts that "[t]he search warrant is not valid due to the[se] mis-statements and omissions of [Trooper] Calt."[3]

1. X-Ray Photograph

In response to Mr. Blodgett's claim, the Government asserts that at the time the affidavit was produced, it is likely that Trooper Calt still had the photograph in his possession.[4] According to the Government, it was not until a year later that Trooper Calt stated at a state court hearing that he no longer had the photograph because he had since replaced his phone.[5] The Government further contends that even if Trooper Calt had not retained the photo, "[w]hether or not a photo was retained for a later prosecution could not possibly affect a probable cause determination."[6]

Under the applicable standard, Mr. Blodgett has failed to make the substantial

---

[2] 800 F.2d 916, 920 (9th Cir. 1986) (citations omitted).

[3] Docket 41 at 1.

[4] Docket 49 at 3.

[5] Docket 49 at 3–4 (citing Docket 42-5 (State Court Proceedings Tr.) at 38–40). During an evidentiary hearing on October 27, 2017, Trooper Calt testified that he did not save the picture and did not even consider doing so. Docket 42-4 (Evidentiary Hr'g Tr.) at 21. In his affidavit, Trooper Calt stated, "FedEx personell [sic] sent me a picture of an X-Ray they did on the package. Based on my training and experience and having viewed heroin numerous times, the X-Ray image of the contents is consistent with a large amount of heroin, packaged flat." Docket 41-1 (Warrant Affidavit) at 4. Trooper Calt did not state in the affidavit that he had the x-ray photograph in his possession.

[6] Docket 49 at 4.

showing necessary to warrant a *Franks* hearing on this issue. Of the five factors outlined in *Perdomo*, Mr. Blodgett fails to meet at least two. Mr. Blodgett has failed to make a detailed offer of proof to show that Trooper Calt's affidavit "contains intentionally or recklessly false statements or misleading omissions." Trooper Calt's affidavit indicates that he had viewed an x-ray image that appeared to show heroin in a FedEx package; Mr. Blodgett has not challenged this statement as a misrepresentation. Trooper Calt did not state that he had retained the x-ray photograph, and Mr. Blodgett has not provided any evidence that Trooper Calt made a false statement to the contrary. Furthermore, Mr. Blodgett has failed to show that Trooper Calt's supposed failure to inform the magistrate judge that he did not retain the photograph was necessary to a finding of probable cause. The magistrate judge granted the warrant based on Trooper Calt's manifestations that he had seen the photograph, not that he currently possessed it. Therefore, Mr. Blodgett cannot show that Trooper Calt's possession of the photograph was essential to the finding of probable cause.

2. Accuracy of the Tip

Mr. Blodgett provides no evidence of his claims that Trooper Calt "knew the source of the May 14, 2014, 'tip' and that it was not accurate as to the issue of firearms" and that Trooper Calt "knew it was the issue of Mr. Blodgett's mother in law."[7] Through these assertions, Mr. Blodgett appears to be alleging that Trooper Calt was being dishonest when in the warrant affidavit he stated:

> On 5-13-14 the Mat-Su Drug Unit received a crimestoppers tip that Ricky

---

[7] Docket 41 at 2. The actual date of the tip to which Mr. Blodgett refers appears to be May 13, 2014, which is the date referenced on page 6 of Mr. Blodgett's motion and in Trooper Calt's affidavit. *See* Docket 41 at 6; Docket 41-1 at 3.

> Blodgett was dealing heroin from his residence on Beaver Lake Road. The tipster provided several specific details about Blodgett and the residence, that there was a six person travel trailer where Blodgett lived and there was a house under construction. The tipster reported that Blodgett had a history of murder and had been to jail for heroin before. The tipster reported that Blodgett had a shotgun, rifle and handguns in the trailer and keeps the shotgun loaded. The tipster reported that Blodgett was going out of state every couple of weeks and the tipster thought that Blodgett was either bringing it back on his person or shipping it back. The tipster reported lots of vehicle traffic in and out of the residence. The tipster reported that there were three kids in the main trailer, all under ten years old.[8]

Mr. Blodgett's statement can be read as an allegation that either the tipster lied about Mr. Blodgett's possession of guns and Trooper Calt knowingly repeated that lie, or that Trooper Calt lied about what the tipster said. Regardless, Mr. Blodgett has not made any offer of proof to support these claims. Nor has he shown that these supposed misrepresentations were necessary to a finding of probable cause. As the Government's response indicates, the May 13, 2014 tip was corroborated in other ways, including the tipster's knowledge of Mr. Blodgett's location and recent trips to Mexico.[9] Ultimately, Mr. Blodgett's conclusory allegations do not meet the standard required for a *Franks* hearing.

---

[8] Docket 41-1 at 3.

[9] Docket 49 at 5–6. The Government states:

> The tip from May 13, 2014 is corroborated in several other ways. First the Blodgett [sic] did have a residence on Beaver Lake Road just as the tipster stated. Trooper Calt observed a trailer and house under construction at the location which was also consistent with the tipster's information. The tipster's report of children at the residence was also verified by Trooper Calt's observations. The information regarding Blodgett's criminal history is accurate. Blodgett had indeed traveled to Mexico numerous times in 2014 which further verified the tipster. The tipster reported Blodgett was either body carrying narcotics back, or shipping them to himself. When a package directed to Blodgett was intercepted, the x-ray image looked to be a large amount of package heroin based on Trooper Calt's experience. Therefore this tip, and the overall information presented to the magistrate were sufficient to support probable cause even if the information regarding the firearm was omitted.

Case No. 3:17-cr-00052-SLG, *US v. Blodgett*
Order Re Motion for *Franks* Hearing
Page 4 of 5

**CONCLUSION**

In light of the foregoing, Defendant's Motion for *Franks* Hearing at Docket 41 is DENIED.

DATED this 8th day of March, 2018 in Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE