# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RICKY ALAN BLODGETT,

      Defendant.

Case No. 3:17-cr-00052-SLG

## ORDER ON MOTION TO SUPPRESS

Before the Court is a Motion to Suppress filed by Defendant at Docket 42. The motion seeks to suppress evidence seized from a package that was on route to Defendant Ricky Alan Blodgett via FedEx. The Government opposed at Docket 48. An evidentiary hearing on the motion was held on March 9 and March 14, 2018. Three witnesses testified: Christian Turcic and Brian Mustacci, both FedEx employees, and Alaska State Trooper Shayne Calt.

## DISCUSSION

Based on the evidence presented at the hearing, the Court finds as follows:

1. FedEx cooperates with law enforcement to do package watches. A package watch occurs when law enforcement asks FedEx to look out for a particular type of package, such as one addressed to a particular address or person. If FedEx comes across such a package at its facility, FedEx removes that package from the delivery line and brings it to the security office at FedEx. FedEx then contacts the law enforcement officer who had asked for the package watch and informs the officer of its action.

2. FedEx employee Christian Turcic testified FedEx performs package watches as a courtesy to law enforcement.

3. FedEx's airway bill contains a notice that informs the shipper that the package is subject to being inspected or searched.

4. One reason that FedEx x-rays a package that law enforcement has requested to set aside is to make sure that there is nothing dangerous in such a package that could harm FedEx's employees.

5. FedEx prioritizes running its own business operation over responding to requests of law enforcement, but it tries to respond to every request from law enforcement to pull packages.

6. Brian Mustacci works as an international security manager for FedEx in Anchorage. Part of his job is to prevent FedEx from shipping narcotics around the country and the world. He testified that when law enforcement requests that a package in FedEx's custody be detained, he does so—he estimated on average once ever one to two weeks.

7. Trooper Calt testified that he received a tip on February 24, 2015 that on the previous day, February 23, 2015, Mr. Blodgett had received a package of heroin via FedEx. Based on that information, he asked FedEx to keep a watch out for any additional packages going to Mr. Blodgett, detain any such additional packages, and notify the trooper. Trooper Calt was very clear that he did not direct FedEx to set aside any such package: "They are a private company and they do what is in their best interest, not in mine."

3:17-cr-00052-SLG, *USA v. Ricky Alan Blodgett*
Order re Motion to Suppress
Page 2 of 6

8. A package was sent via FedEx to Mr. Blodgett on February 27, 2015. It was scheduled to be delivered to Mr. Blodgett on March 3, 2015 by 12:00 p.m.

9. Mr. Mustacci identified the package on Saturday, February 28 and pulled it off the line. He then x-rayed it, although Trooper Calt had not specifically requested that he do so. Mr. Mustacci used his cell phone to take a photograph of the x-ray and sent the photo to Trooper Calt. He then placed the package in his locked office at FedEx.

10. Trooper Calt looked at the photograph on his phone and determined that the inside of the package contained a substance that looked consistent with heroin. He did not save a copy of the photo on his phone, and by the time anyone asked him for the photo a year later, he no longer possessed that cell phone.

11. Trooper Calt next applied for a search warrant for the package. He obtained the warrant, and then he went to FedEx and searched the package.[1] He removed the majority of the heroin and methamphetamine from the package, then returned the package to FedEx for delivery.

12. The package was then delivered to Mr. Blodgett on March 3, 2015, at approximately 11:22 a.m., prior to the scheduled delivery deadline.

13. Mr. Blodgett argues that when the FedEx employee removed the parcel from the delivery line, placed it in his office, x-rayed it and sent the x-ray to the trooper, he

---

[1] There was some confusion in the evidence regarding the dates of the warrant and the package search, but the Court finds Trooper Calt's testimony persuasive that he did not open the package until after he had obtained the search warrant. *See* Docket 44-1 at 2 (Affidavit).

3:17-cr-00052-SLG, *USA v. Ricky Alan Blodgett*
Order re Motion to Suppress
Page 3 of 6

was unconstitutionally seizing the parcel without a warrant because he was acting as an agent for the Government.

14. The Government responds that there was no interference with Mr. Blodgett's possessory interest in the package when it was pulled off the line, since the package was delivered to him on time. The Government also asserts that there was no governmental action when the FedEx employee acted, and in any event, there was reasonable suspicion, if not probable cause, to set aside the parcel and x-ray it. The Government also argues that it is an unreasonable expectation of privacy for a person to believe that a package that they provided to FedEx for shipment would not be x-rayed while in transit.

15. The Fourth Amendment's protection does not apply to a search or seizure, even an unreasonable one, "effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official."[2] "A defendant challenging a search conducted by a private party bears the burden of showing the search was government action. Whether a search is governmental or private depends on: (1) whether the government knew of and acquiesced in the intrusive conduct; and (2) whether the party performing the search intended to assist law enforcement efforts or further the party's own ends."[3]

16. Here, the Government did not know that a FedEx employee had pulled the package from the delivery line and x-rayed it until after those events had already

---

[2] *United States v. Jacobsen,* 466 U.S. 109, 113–14 (1984); *see also United States v. Attson*, 900 F.2d 1427, 1429 (9th Cir. 1997).

[3] *United States v. Young*, 153 F.3d 1079, 1080 (9th Cir. 1998) (citations omitted).

3:17-cr-00052-SLG, *USA v. Ricky Alan Blodgett*
Order re Motion to Suppress
Page 4 of 6

occurred. Therefore, there is no evidence that the Government knew of or acquiesced in that specific conduct, although Trooper Calt had requested FedEx to pull such a package if possible. The Court also finds that the FedEx employee intended to assist law enforcement efforts when he pulled and x-rayed the package, but finds that the employee also intended to further one of FedEx's own purposes—to not ship illegal narcotics through its delivery system. Based on the foregoing, the Court finds that the conduct of the FedEx employee was not a government action subject to Fourth Amendment protections.

17. The Government also asserts an alternative basis for dismissal of the motion: A seizure of property only occurs "when there is some meaningful interference with an individual's possessory interest in that property."[4] The Court finds that the length of time that Mr. Blodgett's package was removed from the delivery chain was relatively brief so as not to constitute a seizure.[5] And Mr. Blodgett had only a limited, if any, possessory interest in the property after it was delivered to FedEx for shipment in California until noon on March 3, 2015, when the package was scheduled to be delivered to him.[6] Moreover, the package was delivered to him before he was scheduled to obtain a full possessory interest in it. Therefore, no

---

[4] *Jacobsen*, 466 U.S. at 113.

[5] *See United States v. England*, 971 F.2d 419 (9th Cir. 1992) (holding warrantless taking of package from post office to nearby police station for dog-sniff test not a seizure).

[6] *Cf. United States v. Place*, 462 U.S. 696, 717 n.5 (1983) (Brennan, J., concurring) ("[T]he mere detention of mail not in [the defendant's] custody or control amounts to at most a minimal or technical interference with her person or effects, resulting in no personal deprivation at all." (quotation omitted)).

3:17-cr-00052-SLG, *USA v. Ricky Alan Blodgett*
Order re Motion to Suppress
Page 5 of 6

Fourth Amendment seizure occurred when FedEx set aside the package, even if the FedEx employee had been considered an agent of the government.

18. Even if the package had been seized and the FedEx employee was acting as an agent of the Government, there was reasonable suspicion to hold the package and x-ray it and thus no Fourth Amendment violation. Prior to the receipt of the warrant, the nature and extent of the detention of the package was only minimally intrusive, and therefore could be constitutionally permissible even if based on less than probable cause.[7] Given the content of the tip that prompted Trooper Calt to reach out to FedEx and the other information detailed in Trooper Calt's Criminal Complaint affidavit to the state court,[8] there was at least a reasonable suspicion that another such package may contain illegal drugs.

For the foregoing reasons, the Motion to Suppress at Docket 42 is DENIED.

Dated this 20th day of April, 2018 in Anchorage, Alaska.

                                             */s/ Sharon L. Gleason*
                                             UNITED STATES DISTRICT JUDGE

---

[7] *Place,* 462 U.S. at 703.

[8] Docket 44-1 at 2.

3:17-cr-00052-SLG, *USA v. Ricky Alan Blodgett*
Order re Motion to Suppress
Page 6 of 6